UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Maria Belmar Catalan, | Civil Action No. 1:22-cv-00712 |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| HealthCare Associates Credit Union and Equifax Information Services, LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Maria Belmar Catalan (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, by way of Complaint against Defendant, HealthCare Associates Credit Union ("HealthCare CU") and Equifax Information Services, LLC ("Equifax") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Maria Belmar Catalan, is an adult citizen of the state of Illinois domiciled in Des Plaines, IL.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant HealthCare CU does business throughout the country and in the State of Illinois. HealthCare CU is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant Equifax is a limited liability company, doing business throughout the country and in the state of Illinois. Equifax is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Equifax is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Defendants because Defendants are either domiciled in Illinois and /or continuously do business in Illinois.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside within the state of Illinois. Venue in this district is also proper

pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Illinois.

## FACTUAL ALLEGATIONS

9. Defendant HealthCare CU issued an account ending in 0701 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about October 5, 2017, Plaintiff and HealthCare CU, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A.**

12. Pursuant to the terms of the settlement, Plaintiff was required to make monthly payments totaling $17,043.76 to settle and close her HealthCare CU account.

13. Plaintiff, via counsel, timely made the requisite settlement payments in compliance with the terms of the aforementioned settlement agreement. Proofs of these payments are attached hereto as **Exhibit B.**

14. However, over two years later, Plaintiff's HealthCare CU account continued to be negatively reported.

15. In particular, on a requested credit report dated December 14, 2021, Plaintiff's HealthCare CU account was reported with a status of "Charge Off," a balance of

$3,141.00 and a past due balance of $3,141.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit C**.

16. This trade line was inaccurately reported. The account was settled for less than the full balance and must be reported as such.

17. On or about December 14, 2021, Plaintiff notified Defendants of a dispute on the HealthCare CU account's completeness and/or accuracy. A copy of this letter is attached hereto as **Exhibit D**.

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by HealthCare CU to the Consumer Reporting Agencies, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In February of 2022, Plaintiff requested updated credit reports for review. The trade line for the HealthCare CU account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the February 2022 credit report is attached hereto as **Exhibit E**.

20. Equifax did not notify HealthCare CU of the disputes by Plaintiff in accordance with the FCRA, or alternatively, did notify HealthCare CU and HealthCare CU failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

21. If HealthCare CU did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's HealthCare CU account would be updated to reflect a settled status with a $0 balance.

22. HealthCare CU has promised through its subscriber agreements or contracts to accurately update accounts, but HealthCare CU has nonetheless willfully,

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

28. HealthCare CU is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its

transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. HealthCare CU is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiff notified Defendants of a dispute on the account's completeness and/or accuracy, as reported.

31. HealthCare CU failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. HealthCare CU failed to update Plaintiff's credit report and/or notify the credit bureaus that the HealthCare CU account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

33. HealthCare CU failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

34. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

35. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

36. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in the form of lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses,

rejection of credit card application, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

37. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable

Respectfully Submitted,

*/s/ Alexander J. Mikulaschek*
Alexander J. Mikulaschek, Esq.
Attorney for Plaintiff
Law Offices of Robert S.
Gitmeid & Assoc., PLLC
55 W Monroe, Suite 560
Chicago, IL 60603
Tel: (773) 869-5400
Fax: (773) 584-0907
Alexander.M@gitmeidlaw.com